UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUIANA S. WRIGHT, | |
| Plaintiff, | No. 21 C 1791 |
| v. | Judge Thomas M. Durkin |
| LOUIS DEJOY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Quiana Wright, *pro se*, alleges she was discriminated against on the basis of age and disability, in violation of the Age Discrimination in Employment Act and the Americans with Disabilities Act. Defendant Louis DeJoy, Postmaster General of the United States Postal Service ("USPS"), moves to dismiss Wright's complaint as untimely and for failure to state a claim. For the following reasons, the motion to dismiss is granted.

## Legal Standard

A Rule 12(b)(6) motion challenges "the sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed

factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Wright was a temporary employee of USPS working intermittently beginning in 2012 or 2013. R. 1 at 20. She was terminated from her position on February 1, 2019, though it appears she was then promptly re-hired, as she alleges wrongdoing by the USPS on multiple later dates. *Id*. at 22.

Wright filed a formal EEO complaint alleging, among other things, she had been subjected to retaliation and discrimination based on her sex, age, and disability when she was terminated in February 2019. She further alleged she was told she was not entitled to union representation; that she "looked young but acted old;" that she was injured twice on the job; and that she applied to numerous positions but was never hired. *Id*. at 12, 134. The USPS EEO office dismissed Wright's complaint, informing her it was too late to assert claims based on conduct occurring in February

2019 because she did not contact an EEO counselor within 45 days. *Id*. at 134-43. The USPS informed Wright she had 90 days to either appeal to the EEOC or file suit in federal court. *Id*. at 142. She appealed, and the EEOC Office of Federal Operations ("OFO") affirmed the USPS dismissal. *Id*. at 151. On December 17, 2020, The OFO issued a decision denying Wright's request for reconsideration, and Wright was again informed she could file suit in federal court within 90 days of receiving the OFO decision. *Id*.

Wright filed this suit on March 30, 2021. R. 1. The argument is not entirely clear in her 153-page complaint, but based on her EEO forms, she appears to allege USPS discriminated against her because of her age, race, religion, and the fact that she was taking care of a disabled child. DeJoy filed its motion to dismiss on September 7, 2021, arguing Wright is time-barred from bringing her suit and, in the alternative, does not state a decipherable claim.

## Analysis

A plaintiff alleging disability and age discrimination must file suit within 90 days of receiving the final administrative decision relating to her claims. 42 U.S.C. § 2000e-5(f)(1); *Poullard v. McDonald*, 829 F.3d 844, 849-50 (7th Cir. 2016) (confirming the 90-day limit for Title VII plaintiffs); *Knutson v. UGS Corp.*, 526 F.3d 339, 341 (7th Cir. 2008) (the same rule applies to plaintiffs alleging claims under the ADEA); *Edwards v. Donahoe*, 503 Fed. Appx. 468, 471 (7th Cir. 2013) ("Claims of disability discrimination . . . follow the same procedures . . . as claims of discrimination based on the characteristics protected under Title VII.").

Wright concedes she (as well as her attorney at the time) received the OFO's decision on the date it was issued, December 17, 2020. R. 1 at 3. She had until March 17, 2020—90 days after her receipt of the OFO decision—to file suit in this Court. But her complaint was filed on March 30, 2020, 13 days too late. This untimeliness is fatal to Wright's claim. Wright argues that she sent her complaint to the clerk on March 18, 2020 and doesn't "have a clue" why it was not filed until March 30. R. 16 at 1. Indeed, the date she listed on her complaint is March 18, 2020, but the clerk's stamp indicates it was received on March 30. R. 1 at 1. Assuming she sent her complaint to the clerk's office on March 18 as she argues, and that this date could be considered the filing date, she filed suit 91 days after receiving the OFO decision. In either scenario, Wright missed the 90-day deadline. "[F]iling one day beyond the 90-day deadline is fatal to a claim, even where a plaintiff is *pro se*." *Sutton v. Donahoe*, 2012 WL 2863559, \*4 (N.D. Ill. July 11, 2012); *see also Portillo v. Zebra Tech. Corp.*, 154 Fed. Appx. 505, 507 (7th Cir. 2005) (dismissing a suit filed by a *pro se* plaintiff one day late). Whether she is 1 day late or 13 days late, the result is the same, and Wright's claim must be dismissed.

Although courts adhere strictly to the 90-day period, time limitations are not jurisdictional but rather statutes of limitation subject to equitable tolling. However, Wright does not provide a basis for equitable tolling here. She argues that, as a *pro se* plaintiff, she was unaware of how to "do things properly." R. 16 at 1. But the OFO decision, which she acknowledges she received, provided clear instructions:

> The decision of this committee is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to

file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.

R. 1 at 151 (emphasis in original). Further, Wright maintained a job with USPS for at least six years (2013-2019), where she presumably was required to read and follow specific instructions in order to maintain her position. Importantly, she successfully filed her EEO appeal to the OFO within the 30-day limit. R. 1 at 142 (EEO decision informing Wright of 30-day limit to appeal the decision, dated November 25, 2019); *Id*. at 144 (Wright's undated appeal, which must have been filed before the OFO sent her its December 17, 2020 decision). Not only does the record show that Wright is capable of filing within a provided timeframe, but it is also clear she was fully aware of the consequences for failing to do so, as the EEO dismissed her complaint in part because it was untimely by more than three months. *Id*. at 134-43 (dismissing complaints based on conduct in February 2019 because she had not contacted an EEO counselor until August 2019, and she needed to do so within 45 days). As explained above, even *pro se* plaintiffs must file suit within the provided 90-day period. *Portillo*, 154 Fed. Appx. at 507. Wright successfully adhered to a time limit at least once before, and faced consequences for failing to do so on another occasion, so the Court is not persuaded by her argument that she was unaware of how to do things properly this time around. Wright does not offer another explanation as to why her filing was late, and the Court sees no basis for equitable tolling in this case.

Because the Court is dismissing Wright's complaint as untimely, it is unnecessary to address DeJoy's arguments regarding the decipherability of her claims.

## Conclusion

For the foregoing reasons, DeJoy's motion to dismiss, R. 13, is granted, and Wright's complaint, R. 1, is dismissed with prejudice.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 3, 2021

6